UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CASE NO.: 08-6461-CIV-BAER/KATZ

| | | |
|---|---|---|
| EVERT FRESH CORPORATION, | : | |
| | : | |
| PLAINTIFF | : | |
| | : | |
| v. | : | **ANSWER, COUNTERCLAIMS,** |
| | : | **AFFIRMATIVE DEFENSES** |
| TV PRODUCTS USA, INC. | : | **AND JURY DEMAND** |
| KISHORE SAMTANI, | : | |
| NICK KURANI, | : | |
| ROHAN BELANI | : | |
| | : | |
| DEFENDANTS. | : | |

## TV PRODUCTS USA, INC, KISHMORE SAMTANI, NICK KURANI, AND ROHAN BELANI'S ANSWER, AFFIRMATIVE DEFENSESAND COUNTERCLAIMS

Defendants TV Products USA, Inc., Kishore Samtani, Nick Kurani, and Rohan Belani (collectively "TV Products"), hereby files its Answer, Affirmative Defenses and Counterclaims to the Complaint filed by the plaintiff, Evert Fresh Corporation ("Evert Fresh"). Except as expressly admitted in these correspondingly numbered paragraphs to the Complaint, TV Products denies all allegations in the Complaint.

### I.  Parties

1.      TV Products is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint and therefore denies the same.

2.      TV Products admits that it is a New York corporation with its principal place at 230 5th Ave., Suite 605, New York, New York, 10001.

3.      Kishore Samtani admits that he is an individual but denies that he has a principal place of business at 230 5th Ave., Suite 605, New York, New York, 10001.

4.      Nick Kurani admits that he is an individual and that he works at 230 5th Ave., Suite 605, New York, New York, 10001

5.      Rohan Belani admits that he is an individual and that he works at 230 5th Ave., Suite 605, New York, New York, 10001

## II.  Jurisdiction and Venue

6.      TV Products does not dispute this Court's jurisdiction over it in this action.

7.      TV Products admits that venue is proper in this District.

## III.  Factual Allegations

8.      TV Products is presently without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint and therefore denies the same.

9.      TV Products is presently without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint and therefore denies the same. Furthermore, to the extent that Evert Fresh alleges that it has an exclusive right to use the generic term "GREEN BAGS" to accurately identify fruit, vegetable and flower storage bags that are green in color, TV Products denies the same.

10.     TV Products is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint and therefore denies the same. Furthermore, to the extent that Evert Fresh alleges that it has an exclusive right to the use of the color green in connection with fruit, vegetable and flower storage bags, TV Products denies the same.

11.     TV Products is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint and therefore denies the same.

12.    TV Products is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint and therefore denies the same.

13.    TV Products is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint and therefore denies the same.

14.    TV Products admits that it has distributed and sold produce preserving storage bags.

15.    TV Products admits that it has distributed and sold produce preserving storage bags in several states, including in the State of New York.

16.    TV Products denies that Defendant Samtani is the Chairman or Chief Executive Officer of Defendant TV Products, Inc.  TV Products asserts that Defendant Samtani is President of TV Products, Inc.

17.    TV Products denies that Defendant Samtani directs and exerts control over the activities of TV Products, Inc. regarding the distribution, advertising and/or sale of produce preserving storage bags.  TV Products further denies that Defendant Samtani exerts such control over TV Products, Inc. from a location in New York State.

18.    TV Products denies that Defendant Kurani is the Chief Operating Office of Defendant TV Products, Inc.  TV Products asserts that Defendant Kurani is Vice President of TV Products, Inc.

19.    TV Products admits that Defendant Kurani directs and exerts control over the activities of TV Products, Inc. regarding the distribution and/or sale of produce preserving storage bags.  TV Products denies that Defendant Kurani directs and exerts control over the activities of TV Products, Inc. regarding the advertising of produce preserving storage bags.  TV Products admits that Defendant Kurani exerts such control over TV Products, Inc. from a

3

location in New York State.

20.    TV Products denies that Defendant Belani is the Sales Manager of Defendant TV Products, Inc.

21.    TV Products denies that Defendant Belani directs and exerts control over the activities of TV Products, Inc. regarding the distribution, advertising, and/or sale of produce preserving storage bags. TV Products denies that Defendant Belani exerts such control over TV Products, Inc. from a location in New York State.

22.    TV Products denies that any products advertised, sold and/or distributed by TV Products, including any produce preserving storage bags advertised, sold and/or distributed by TV Products, bear a green color that is confusingly similar to Evert Fresh's claim of trade dress rights in the color green.

23.    TV Products denies that it has ever advertised, sold or distributed produce preserving storage bags under the mark "Forever Green Bags." Furthermore, TV Products specifically denies ever advertising, selling, and/or distributing any products under a trademark which is confusingly similar to any rights Evert Fresh may have, or claim to have, in the generic "green bags" term.

24.    TV Products denies ever using the generic term "green bags" in a trademark manner in any way, shape, or form. Furthermore, TV Products specifically denies ever engaging in any e-mail solicitation "campaign" using any trademarks which are confusingly similar to any rights Evert Fresh may have, or claim to have, in the "green bags" term.

25.    TV Products denies that it has advertised produce preserving storage bags in interstate commerce, in several states, including the State of New York. TV Products denies that the specimen identified as Exhibit D in Evert Fresh's Complaint constitute advertising.

4

26.    TV Products admits that it distributes the identified produce preserving storage bags in interstate commerce, in several states, including the State of New York.

27.    TV Products admits that it sells the identified produce preserving storage bags in interstate commerce, in several states, including the State of New York.

28.    TV Products admits that some of the packaging in which TV Products sells its Forever Green Bags touts the food preserving qualities of the bags with statements such as "Prolong fruits and vegetable life (from one week to a full month)" and "Forever Green™ Bag can help you to extend the life of foods by absorbing and removing the ethylene gases that cause normal deterioration!".

29.    TV Products denies that it has marketed green produce preserving storage bags under the trademark "Green Bags" in a direct e-mail solicitation campaign from the State of New York.  TV Products asserts that the e-mail identified as Exhibit E in Evert Fresh's Complaint does not constitute evidence of an e-mail solicitation campaign or a trademark use of the generic term "Green Bags."

30.    TV Products is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 30 of the Complaint and therefore denies the same.

31.    TV Products is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 31 of the Complaint and therefore denies the same.

32.    TV Products is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 32 of the Complaint and therefore denies the same.

33.    TV Products denies Defendant Samtani is a moving, active, and conscious force behind the advertising, sales, and distribution of Defendant TV Products identified produce storage bags.

1464279.1 8/11/2008

34.    TV Products admits that Defendant Kurani is a moving, active, and conscious force behind the sales and distribution of Defendant TV Products identified produce storage bags.  TV Products denies that Defendant Kurani is a moving, active, and conscious force behind the advertising of Defendant TV Products identified produce storage bags.

35.    TV Products denies that Defendant Belani is a moving, active, and conscious force behind the advertising, sales, and distribution of Defendant TV Products identified produce storage bags.

### IV.  Count 1 – Infringement of the GREEN BAGS Mark

36.    TV Products denies that Plaintiff Evert Fresh has a claim upon which relief can be granted under 15 U.S.C. § 1114(1) against TV Products.

37.    Paragraph 37 requires no response.  To the extent a response is required, TV Products notes that Evert Fresh re-alleges each of the allegations contained in paragraphs 8 - 35 of the Complaint and TV Products incorporates by reference its corresponding responses.

38.    TV Products denies that it has ever used the trademark Forever Green Bags and/or Green Bags in connection with the advertising, distribution, or sale of its produce preserving storage bags as alleged by Plaintiff Evert Fresh And, as such, denies the allegations contained in paragraph 38 of the Complaint.

39.    TV Products denies the allegations contained in paragraph 39 of the Complaint.

40.    TV Products denies the allegations contained in paragraph 40 of the Complaint.

41.    TV Products denies the allegations contained in paragraph 41 of the Complaint.

42.    TV Products denies the allegations contained in paragraph 42 of the Complaint.

1464279.1 8/11/2008

## V.  Count 2 – Counterfeiting of the GREEN BAGS Mark

43.    TV Products denies that Plaintiff Evert Fresh has a claim upon which relief can be granted under 15 U.S.C. § 1114(1) against TV Products.

44.    Paragraph 44 requires no response.  To the extent a response is required, TV Products notes that Evert Fresh re-alleges each of the allegations contained in paragraphs 8 - 35 of the Complaint and TV Products incorporates by reference its corresponding responses.

45.    TV Products denies that it has ever used the trademark Green Bags in connection with the promotion, distribution, or sale of its produce preserving storage bags as alleged by Plaintiff Evert Fresh.  TV Products further denies that it has ever used any trademarks in connection with any produce storage bags that could be considered counterfeiting any rights Plaintiff Evert Fresh has, or could claim to have, in the generic "green bags" term.

46.    TV Products denies the allegations contained in paragraph 46 of the Complaint.

47.    TV Products denies the allegations contained in paragraph 47 of the Complaint.

48.    TV Products denies the allegations contained in paragraph 48 of the Complaint.

49.    TV Products denies the allegations contained in paragraph 49 of the Complaint.

## VI.  Count 3 – Infringement of the color green Trade Dress

50.    TV Products denies that Plaintiff Evert Fresh has a claim upon which relief can be granted under 15 U.S.C. § 1114(1) against TV Products.

51.    Paragraph 51 requires no response.  To the extent a response is required, TV Products notes that Evert Fresh re-alleges each of the allegations contained in paragraphs 8 - 35 of the Complaint and TV Products incorporates by reference its corresponding responses.

52.    TV Products denies that its distribution and/or sale of food preserving storage bags that are green in color infringes any rights that Evert Fresh has, or could claim to have, in

1464279.1 8/11/2008

the color green and, therefore, TV Products denies the allegations in paragraph 52 of the Complaint.

    53.    TV Products denies the allegations contained in paragraph 53 of the Complaint.

    54.    TV Products denies the allegations contained in paragraph 54 of the Complaint.

    55.    TV Products denies the allegations contained in paragraph 55 of the Complaint.

    56.    TV Products denies the allegations contained in paragraph 56 of the Complaint.

### VII.  Count 4 – Counterfeiting of the color green Trade Dress

    57.    TV Products denies that Plaintiff Evert Fresh has a claim upon which relief can be granted under 15 U.S.C. § 1114(1) against TV Products.

    58.    Paragraph 58 requires no response.  To the extent a response is required, TV Products notes that Evert Fresh re-alleges each of the allegations contained in paragraphs 8 - 35 of the Complaint and TV Products incorporates by reference its corresponding responses.

    59.    TV Products denies that its distribution and/or sale of food preserving storage bags that are green in color could be considered counterfeiting of any rights that Evert Fresh has, or could claim to have, in the color green and, therefore, TV Products denies the allegations in paragraph 59 of the Complaint.

    60.    TV Products denies the allegations contained in paragraph 60 of the Complaint.

    61.    TV Products denies the allegations contained in paragraph 61 of the Complaint.

    62.    TV Products denies the allegations contained in paragraph 62 of the Complaint.

    63.    TV Products denies the allegations contained in paragraph 63 of the Complaint.

### VIII.  Count 5 – Common Law Unfair Competition

    64.    TV Products denies that Plaintiff Evert Fresh has a claim upon which relief can be granted under the common law of the State of New York.

8

65.    Paragraph 65 requires no response.  To the extent a response is required, TV Products notes that Evert Fresh re-alleges each of the allegations contained in paragraphs 8 - 35 of the Complaint and TV Products incorporates by reference its corresponding responses.

66.    TV Products denies that it has ever used the trademark Green Bags in connection with any advertising campaign.  TV Products further denies that it has ever used any trademarks in connection with any produce storage bags that trade on the goodwill, if any, that Plaintiff Evert Fresh has, or could claim to have, in the generic "green bags" term.  TV Products further denies that any of its acts associated with the distribution and/or sale of its produce storage bags constitute unfair competition.  As such, TV Products denies the allegations in paragraph 66 of the Complaint.

67.    TV Products denies that it has ever used the trademark Forever Green Bags in connection with any advertising campaign.  TV Products further denies that it has ever used any trademarks in connection with any produce storage bags that trade on the goodwill, if any, that Plaintiff Evert Fresh has, or could claim to have, in the generic "green bags" term.  TV Products further denies that any of its acts associated with the distribution and/or sale of its produce storage bags constitute unfair competition.  As such, TV Products denies the allegations in paragraph 67 of the Complaint.

68.    TV Products denies that the use of the color green in connection with its produce storage bags is confusingly similar to any rights Plaintiff Evert Fresh has, or could claim to have, in the color green.  TV Products further denies that it has ever used any trade dress in connection with any produce storage bags that trade on the goodwill, if any, that Plaintiff Evert Fresh has, or could claim to have, in the color green.  TV Products further denies that any of its acts associated

9

with the distribution and/or sale of its produce storage bags constitute unfair competition.  As such, TV Products denies the allegations in paragraph 68 of the Complaint.

69.    TV Products denies the allegations contained in paragraph 69 of the Complaint.

70.    TV Products denies the allegations contained in paragraph 70 of the Complaint.

71.    TV Products denies the allegations contained in paragraph 71 of the Complaint.

72.    TV Products denies the allegations contained in paragraph 72 of the Complaint.

73.    TV Products denies the allegations contained in paragraph 73 of the Complaint.

### IX.  Count 6 – Injury to Business Reputation

74.    TV Products denies that Plaintiff Evert Fresh has a claim upon which relief can be granted under N.Y. General Business Law § 360-1.

75.    Paragraph 75 requires no response.  To the extent a response is required, TV Products notes that Evert Fresh re-alleges each of the allegations contained in paragraphs 8 - 35 of the Complaint and TV Products incorporates by reference its corresponding responses.

76.    TV Products denies that it has ever used a copy, variation, simulation or colorable imitation of Plaintiff's intellectual property that has caused and will continue to cause injury to Plaintiff's business reputation.  As such, TV Products denies the allegations in paragraph 76 of the Complaint.

77.    TV Products denies the allegations contained in paragraph 77 of the Complaint.

78.    TV Products admits that it does not own a U.S. trademark registration for any trademark or trade dress at issue in the Complaint.

79.    TV Products denies the allegations contained in paragraph 79 of the Complaint.

80.    TV Products denies the allegations contained in paragraph 80 of the Complaint.

1464279.1 8/11/2008

### X.  Count 7 – Deceptive Trade Practices (N.Y. General Business Law § 349)

81.    TV Products denies that Plaintiff Evert Fresh has a claim upon which relief can be granted under N.Y. General Business Law § 349.

82.    Paragraph 82 requires no response.  To the extent a response is required, TV Products notes that Evert Fresh re-alleges each of the allegations contained in paragraphs 8 - 35 of the Complaint and TV Products incorporates by reference its corresponding responses.

83.    TV Products denies that it is engaged in deceptive trade practices or acts in the conduct of a business, trade or commerce, or furnishing of goods, in violation of § 349 of the New York General Business Law.

84.    TV Products denies the allegations contained in paragraph 84 of the Complaint.

85.    TV Products denies the allegations contained in paragraph 85 of the Complaint.

### XI.  Prayer for Relief

86.    TV Products denies that Plaintiff Evert Fresh is entitled to any relief or has stated any claim upon which relief may be granted.

### XII.  Demand for Jury Trial

87.    TV Products acknowledges that Plaintiff Evert Fresh has demanded a jury.

### Affirmative Defenses

88.    In further response to Evert Fresh's Complaint, TV Products asserts the following affirmative defenses:

11

### First Affirmative Defense
### (Failure to State a Claim)

89.    Plaintiff Evert Fresh has failed to state a claim against TV Products for which relief can be granted.

### Second Affirmative Defense
### (Non-Infringement)

90.    Defendant TV Products use of the trademarks and/or trade dress complained of in the Complaint do not create a likelihood of confusion with any trademark or trade dress rights owned by Plaintiff that are senior to the rights of Defendant.  As such, TV Products has not infringed on the purported GREEN BAGS and color green marks alleged in the Complaint.

### Third Affirmative Defense
### (No Trademark Rights)

91.    Plaintiff Evert Fresh does not make use of and/or consumers do not recognize such use of its alleged GREEN BAGS term and/or color green trade dress as an indicator of source.  As such, plaintiff does not have enforceable trademark rights in its purported GREEN BAGS and color green marks as alleged in the Complaint.

### Fourth Affirmative Defense
### (Fraud)

92.    Plaintiff Evert Fresh perpetrated fraud on the United States Patent and Trademark Office in connection with the prosecution and registration of U.S. Reg. No. 2,359,179 and/or U.S. Reg. 2,280,244 and is estopped from asserting those registrations, as well as any underlying common law rights, against TV Products.

12

### Fifth Affirmative Defense
### (Abandonment)

93.    Any purported trademark rights allegedly owned by Evert Fresh in GREEN BAGS or the color green marks that would be considered senior to TV Products have been abandoned by Evert Fresh.

### Sixth Affirmative Defense
### (Prior Use)

94.    TV Products owns rights in trademarks and/or trade dress that are senior to any valid rights Evert Fresh may claim to have in the purported GREEN BAGS and color green marks alleged by Evert Fresh to be confusingly similar thereto.

### Seventh Affirmative Defense
### (Unclean Hands)

95.    Evert Fresh's claims are barred by its own unlawful and inequitable conduct and by the doctrine of unclean hands.

### Eighth Affirmative Defense
### (Genericness)

96.    The purported GREEN BAGS and color green marks asserted by Evert Fresh are generic and, as such, are invalid and unenforceable.

### Ninth Affirmative Defense
### (Functionality)

97.    The purported GREEN BAGS and color green marks asserted by Evert Fresh are functional and, as such, are invalid and unenforceable.

### Tenth Affirmative Defense
### (Antitrust Violations)

98.    The trademarks and/or trade dress asserted by Evert Fresh are being used to violate the antitrust laws of the United States.

13

### Eleventh Affirmative Defense
### (Failure to Mitigate)

99.    Evert Fresh's claims are barred, in whole or part, by its failure to mitigate its damages.    Evert Fresh is barred from recovering money damages insofar as (i) its own conduct caused the alleged damages and/or (ii) it failed to mitigate such damages in a commercially reasonable manner.

### Twelfth Affirmative Defense
### (Justification)

100.    Evert Fresh's claims are barred because, at all relevant times, TV Products acted in good faith and did not violate any rights afforded to Evert Fresh under any applicable law, rules, regulations or guidelines.

### Thirteenth Affirmative Defense
### (Acts of Third Parties)

101.    Evert Fresh's claims are barred to the extent that the alleged damages, if any, were caused, in whole or in part, by the acts of individuals or entities other than TV Products for whom TV Products is not responsible or has no control over them.

### Fourteenth Affirmative Defense
(Lack of Personal Jurisdiction)

102.    This Court does not have personal jurisdiction over Defendant Kishore Samtani.

### Fifteenth Affirmative Defense
(Lack of Personal Jurisdiction)

103.    This Court does not have subject matter jurisdiction over the claims against Defendants Kishore Samtani and Rohan Belani.

14

## Sixteenth Affirmative Defense
### (Reservation of Rights)

TV Products specifically reserves the right to assert additional defenses as discovery reveals further facts and defenses.

1464279.1 8/11/2008

## COUNTERCLAIMS

Defendant/Counter-Plaintiff, TV Products USA, Inc. ("TV Products"), hereby alleges the following counterclaims against Plaintiff/Counter-Defendant, Evert Fresh, Inc. ("Evert Fresh"):

### I. Parties, Jurisdiction and Venue

1.     This is an action for declaratory relief, which seeks to settle an actual controversy between the parties, and afford relief from uncertainty and insecurity with respect to rights, status and legal relations.

2.     Counter-Plaintiff TV Products USA, Inc. ("TV Products") is a New York corporation, with a principal place of business located at 230 5th Avenue, Suite 605, New York, New York 10001.

3.     On information and belief, Counter-Defendant Evert Fresh Corporation ("Evert Fresh") is a Texas corporation having its principal place of business at 1000 Meyer Street, Suite 3, Sealy, Texas 77474.

4.     TV Products' counterclaims are premised upon the Declaratory Judgment Act, 28 U.S.C. §§ 2201 to 2202, and the Lanham Act, Title 15 of the United States Code, §§ 1051 *et seq.* This Court has subject matter jurisdiction over TV Products' counterclaims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

5.     Evert Fresh has submitted to the jurisdiction of this Court by virtue of initiating this action. Moreover, on information and belief, Evert Fresh engages in a regular course of business in the Southern District of New York, thereby giving this Court personal jurisdiction over Evert Fresh.

1464279.1 8/11/2008

6.    Venue is proper in this district pursuant to 28 U.S.C. §§ 1391, because suit was filed in this district by Evert Fresh.   Venue is also proper in the Southern District of New York because the causes of action against Evert Fresh arose in this judicial district.

7.    There is an actual justiciable case or controversy between TV Products and Evert Fresh, in this district, arising under the trademark laws, 15 U.S.C. §§ 1051 *et seq*. This case or controversy arises by virtue of Evert Fresh's filing of its actions, which purports to allege that TV Products infringes trademark and trade dress rights under 15 U.S.C. § 1114(1).

8.    All conditions precedent to the bringing of this action have been satisfied, have occurred, or have been excused or waived.

## II.  Count I – Cancellation of U.S. Reg. No. 2,359,179 Due to Fraud on the United States Patent and Trademark Office

9.    TV Products incorporates paragraphs 1 – 8 by reference.

10.    This counterclaim arises under the trademark laws of the United States, 15 U.S.C. §§ 1051 *et seq.,* and more specifically, 15 U.S.C. § 1064(3), 15 U.S.C. § 1115(b)(1) and 15 U.S.C. § 1119, and seeks cancellation of U.S. Reg. No. 2,359,179 due to fraud on the United States Patent and Trademark Office in its procurement.

11.    Evert Fresh claims ownership of U.S. Reg. No. 2,359,179 for "GREEN BAGS" and has asserted that trademark against TV Products in the present Complaint due to TV Products alleged sale of green produce storage bags under a mark that is allegedly confusingly similar to the "GREEN BAGS" mark.

12.    On or about April 29, 1998, Evert Fresh filed an application for the GREEN BAGS mark for use in connection with "Plastic film preserving storage bag for fruit, vegetables and flowers." *See* Exhibit A.

17

13.  On November 24, 1998, the application for the GREEN BAGS mark was rejected by the Examining Attorney who stated that the proposed mark "merely describes a color of the goods" and was thus unregistrable. *See* Exhibit B. The Examining Attorney went on to state that "[i]f the applicant's goods **are not green in color**, the applicant may amend the identification of goods to state the color of the goods, for example: Clear plastic film preserving storage bags for fruit, vegetables and flowers." *Id.*

14.  On May 26, 1999, and in direct response to the Examining Attorney's suggestion, Evert Fresh amended the description of goods in the application to state that its goods were not green but "clear" and further included a sworn statement of Lynn Everts attesting to the "clear" nature of the GREEN BAGS. *See* Exhibit C.

15.  Based upon the foregoing clear and unambiguous fraud perpetrated by Evert Fresh and Lynn Everts, U.S. Reg. No. 2,359,179 should be canceled.

16.  Also, based upon the foregoing, the action brought by Evert Fresh in the present case based upon its alleged trademark rights in GREEN BAGS and/or U.S. Reg. No. 2,359,179 are objectively frivolous and brought for the sole and improper purpose of harassing TV Products and stifling free competition.

17.  TV Products has suffered and continues to suffer irreparable harm as a result of the fraud perpetrated on the United States Patent and Trademark Office during the prosecution of the application for the GREEN BAGS mark.

18.  TV Products has suffered and continues to suffer irreparable harm as a result of Evert Fresh filing this frivolous lawsuit with respect to the infringement of the alleged GREEN BAGS mark

19.  TV Products has no adequate remedy at law.

18

### III.  Count II – Civil Liability for False or Fraudulent Registration

20.   TV Products incorporates paragraphs 1 – 8 by reference.

21.   This counterclaim arises under the trademark laws of the United States, 15 U.S.C. §§ 1051 *et seq.* and, more specifically, 15 U.S.C. § 1120.

22.   TV Products incorporates paragraphs 11-18 by reference.

23.   In order to procure U.S. Reg. No. 2,359,179 for GREEN BAGS, Evert Fresh and Lynn Everts made false and fraudulent declarations and representations as to the "clear" nature of the goods sought to be registered.

24.   Evert Fresh's fraudulent registration and assertion of U.S. Reg. No. 2,359,179 for GREEN BAGS has caused irreparable injury to TV Products.

25.   TV Products has suffered and continues to suffer irreparable harm as a result of Evert Fresh's registration and assertion of the fraudulently obtained U.S. Reg. No. 2,359,179 for GREEN BAGS against TV Products and its customers.

26.   TV Products has no adequate remedy at law.

### IV.  Count III – Cancellation of U.S. Reg. No. 2,359,179 Due to Genericness

27.   TV Products incorporates paragraphs 1 – 8 by reference.

28.   This counterclaim arises under the trademark laws of the United States, 15 U.S.C. §§ 1051 *et seq.,* and more specifically, 15 U.S.C. § 1064(3) and 15 U.S.C. § 1119, and seeks cancellation of U.S. Reg. No. 2,359,179 due to the fact that the term "green bags" is, or has become, generic for bags that are green in color.

29.   Evert Fresh claims ownership of U.S. Reg. No. 2,359,179 for "GREEN BAGS" and has asserted that trademark against TV Products in the present Complaint due to TV

Products sale of green produce storage bags under a mark that is allegedly confusingly similar to the "GREEN BAGS" mark.

30. Evert Fresh has asserted that any use of the terms "green" and "bags" by TV Products to accurately describe its produce bags that are green in color infringes Evert Fresh's rights in U.S. Reg. No. 2,359,179 for GREEN BAGS.

31. The term "green bags", as used to accurately identify bags that are green in color, is generic of those goods.

32. Based upon the fact that the term "GREEN BAGS" is generic when used in connection with bags that are green in color, U.S. Reg. No. 2,359,179 should be canceled.

33. TV Products has suffered and continues to suffer irreparable harm as a result of the continued registration of the generic GREEN BAGS term in the United States Patent and Trademark Office.

34. TV Products has no adequate remedy at law.

**V.  Count IV – Cancellation of U.S. Reg. No. 2,280,244 Due to Functionality**

35. TV Products incorporates paragraphs 1 – 8 by reference.

36. This counterclaim arises under the trademark laws of the United States, 15 U.S.C. §§ 1051 *et seq.,* and more specifically, 15 U.S.C. § 1115(b)(8) and 15 U.S.C. § 1119, and seeks cancellation of U.S. Reg. No. 2,280,244 due to the fact that U.S. Reg. No. 2,280,244 (the "color green registration") is functional.

37. Evert Fresh claims ownership of the color green registration and has asserted that trademark against TV Products in the present Complaint due to TV Products sale of green produce storage bags.

1464279.1 8/11/2008

38.   Evert Fresh is not entitled to the continued registration of its the color green registration because the use of the color green on a produce storage bag is *de jure* functional, *de facto* functional, or both.

39.   TV Products has suffered and continues to suffer irreparable harm as a result of the existence of Evert Fresh's color green registration and its assertion of that registration against TV Products in this Complaint and TV Products' customers.

40.   TV Products has no adequate remedy at law.

## VI.  Count V – Antitrust Violation –Monopolization

41.   TV Products incorporates paragraphs 1 – 8 and 10-18 by reference.

42.   This counterclaim arises under the Sherman Act § 2, (15 U.S.C. § 2) and the trademark laws of the United States, 15 U.S.C. §§ 1051 *et seq.,* and more specifically, 15 U.S.C. § 1115(b)(7), and seeks damages due to Evert Fresh's attempts to use its alleged trademark and trade dress rights in violation of the antitrust laws of the United States.

43.   Evert Fresh claims ownership of U.S. Reg. No. 2,359,179 for "GREEN BAGS" for use in connection with **clear** plastic produce storage film and U.S. Reg. No. 2,280,244 for the "color green" for use in connection with produce storage bags.

44.   Evert Fresh has asserted the aforementioned registrations against TV Products in the present Complaint and has threatened to enforce said registrations against innumerable of TV Products customers. *See* Exhibit D.

45.   Evert Fresh knows, or should have known, that neither the GREEN BAGS registration nor the color green registration are valid and enforceable.  Specifically, Evert Fresh knows, or should have known, that the GREEN BAGS registration was procured through fraud

and is generic. Furthermore, Evert Fresh knows, or should have known, that the color green registration is functional, and thus unenforceable.

46.    A reasonable person would have known that neither the GREEN BAGS registration nor the color green registration are valid and enforceable. A reasonable person would have known that the GREEN BAGS registration was procured through fraud and is generic. A reasonable person would have known that the color green registration is functional, and thus unenforceable.

47.    The relevant product market is green plastic film preserving storage bags for fruit, vegetables and flowers.

48.    The relevant geographic market is the U.S.

49.    Upon information and belief, Evert Fresh sold or controlled more than 70% of the green plastic film preserving storage bags for fruit, vegetables and flowers in the U.S.

50.    Through threats, coercion and intimidation, Evert Fresh has prevented and has sought to prevent TV Products and TV Products' customers from competing with Evert Fresh.

51.    Evert Fresh's conduct has had a chilling effect on competition in the relevant market.

52.    Through Evert Fresh's knowingly illegal and illegitimate use of the GREEN BAGS registration and the color green registration in the aforementioned manner, it has obtained and used maintained monopoly power in the relevant market to improperly exclude all others, including TV Products, from fairly competing in the marketplace.

53.    TV Products' improper exclusionary conduct has injured competition and has caused injury to the business and property of TV Products

54.    Evert Fresh's actions as set forth herein violate 15 U.S.C.A. § 2.

1464279.1 8/11/2008

55.    TV Products has suffered and continues to suffer irreparable harm as a result of Evert Fresh's antitrust violations.

56.    TV Products has no adequate remedy at law.

57.    Pursuant to Clayton Act §4(a)(15 U.S.C. §15(a)), TV Products is entitled to recover threefold the damages sustained by TV Products, and the cost of suit, including a reasonable attorney's fee.

### VII.  Count VI – Antitrust Violation – Attempt to Monopolize

58.    TV Products incorporates paragraphs 1-8, 10-18, and 41-56 by reference.

59.    This counterclaim arises under Sherman Act §2 (15 U.S.C. §2), and seeks damages due to Evert Fresh's attempts to use its alleged trademark and trade dress rights in violation of the antitrust laws of the United States.

60.    Upon information and belief, Evert Fresh sold or controlled more than 30% of the green plastic film preserving storage bags for fruit, vegetables and flowers in the U.S.

61.    Evert Fresh has engaged in predatory and anticompetitive conduct with a specific intent to monopolize the sale of green plastic film preserving storage bags for fruit, vegetables and flowers in the U.S., and Evert Fresh has a dangerous probability of achieving monopoly power.

### VIII.  Count VII – Declaratory Judgment of Non-Infringement

62.    TV Products incorporates paragraphs 1 – 8 by reference.

63.    This counterclaim arises under the trademark laws of the United States, 15 U.S.C. §§ 1051 *et seq.,* and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 to 2202.

64.    As evidenced by the present Complaint, an actual controversy exists as to the non-infringement of U.S. Reg. No. 2,359,179 for "GREEN BAGS" for use in connection with

1464279.1 8/11/2008

**clear** plastic produce storage film and U.S. Reg. No. 2,280,244 for the color green, as well as any underlying common law rights thereto.

65.    As set forth herein, TV Products sale of green colored produce storage bags under the trademark FOREVER GREEN, does not and cannot infringe any rights that Evert Fresh has, or could claim to have, in the GREEN BAGS and/or color green registrations, or any common law rights appurtenant thereto.

66.    The filing of the present Complaint by Evert Fresh has and continues to cause irreparable harm to TV Products.

67.    TV Products has no adequate remedy at law.

## IX.  Reservation of Counterclaims

68.    TV Products reserves the right to assert any other counterclaims that discovery may reveal, including, but not limited to claims arising out of trademark misuse and/or other false or misleading statements to, the public and/or TV Products customers.

## X.  Prayer for Relief

69.    WHEREFORE, TV Products respectfully prays for the following relief:

A.    That this Court deny any and all relief requested by Evert Fresh in its Complaint and any relief whatsoever, and that the Complaint be dismissed with prejudice;

B.    That this Court declare U.S. Reg. No. 2,359,179 for "GREEN BAGS" and U.S. Reg. No. 2,280,244 for the color green invalid and order cancellation of the same;

C.    That this Court declare that none of the produce storage bags sold by TV Products infringe any trademarks or trade dress owned, or claimed to be owned, by Evert Fresh;

D.    That this Court award damages to TV Products pursuant to 15 U.S.C. § 1120 (or any other applicable statute) including attorneys' fees, costs and expenses it incurs in this action;

1464279.1 8/11/2008

E.      That this Court award treble damages to TV Products pursuant to 15 U.S.C. §15(a) and the cost of suit, including a reasonable attorney's fee; and

F.      That this Court grant such other and further relief to TV Products as this Court may deem just and equitable.

## XI.  Jury Trial Demand

70.   TV Products hereby demands a trial by jury on all issues properly triable by jury.

Dated:  August 11, 2008

Respectfully submitted,

BOND, SCHOENECK & KING, PLLC

By:   _s/  Brian J. Butler_____
            Brian J. Butler (BB3493)
            Michael P. Collins (MC 0906)
One Lincoln Center
Syracuse, New York  13202
Telephone:  (315) 218-8000
Fax:  (315) 218-8100
Email: butlerb@bsk.com

25

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served this 11th day of August, 2008, by regular U.S. mail postage pre-paid upon the following:

Gregory P. Gulla, Esq.
Christopher J. Rooney, Esq.
Duane Morris LLP
1540 Broadway
New York, New York 10036-4086

s/ Brian J. Butler
Brian J. Butler

1464279.1 8/11/2008