UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CASE NO.: 08-6461-CIV-BAER/KATZ

| | | |
|---|---|---|
| EVERT FRESH CORPORATION, | : | |
| | : | |
| PLAINTIFF | : | |
| | : | |
| v. | : | **ANSWER, COUNTERCLAIMS,** |
| | : | **AFFIRMATIVE DEFENSES** |
| TV PRODUCTS USA, INC. | : | **AND JURY DEMAND** |
| KISHORE SAMTANI, | : | |
| NICK KURANI, | : | |
| ROHAN BELANI | : | |
| | : | |
| DEFENDANTS. | : | |

## TV PRODUCTS USA, INC, KISHMORE SAMTANI, NICK KURANI, AND ROHAN BELANI'S ANSWER, AFFIRMATIVE DEFENSESAND COUNTERCLAIMS

Defendants TV Products USA, Inc., Kishore Samtani, Nick Kurani, and Rohan Belani (collectively "TV Products"), hereby files its Answer, Affirmative Defenses and Counterclaims to the Complaint filed by the plaintiff, Evert Fresh Corporation ("Evert Fresh"). Except as expressly admitted in these correspondingly numbered paragraphs to the Complaint, TV Products denies all allegations in the Complaint.

### I. Parties

1.      TV Products is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint and therefore denies the same.

2.      TV Products admits that it is a New York corporation with its principal place at 230 5th Ave., Suite 605, New York, New York, 10001.

3.      Kishore Samtani admits that he is an individual but denies that he has a principal place of business at 230 5th Ave., Suite 605, New York, New York, 10001.

4.    Nick Kurani admits that he is an individual and that he works at 230 5th Ave., Suite 605, New York, New York, 10001

5.    Rohan Belani admits that he is an individual and that he works at 230 5th Ave., Suite 605, New York, New York, 10001

## II. Jurisdiction and Venue

6.    TV Products does not dispute this Court's jurisdiction over it in this action.

7.    TV Products admits that venue is proper in this District.

## III. Factual Allegations

8.    TV Products is presently without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint and therefore denies the same.

9.    TV Products is presently without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint and therefore denies the same. Furthermore, to the extent that Evert Fresh alleges that it has an exclusive right to use the generic term "GREEN BAGS" to accurately identify fruit, vegetable and flower storage bags that are green in color, TV Products denies the same.

10.    TV Products is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint and therefore denies the same. Furthermore, to the extent that Evert Fresh alleges that it has an exclusive right to the use of the color green in connection with fruit, vegetable and flower storage bags, TV Products denies the same.

11.    TV Products is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint and therefore denies the same.

1464279.1 8/11/2008

12.    TV Products is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint and therefore denies the same.

13.    TV Products is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint and therefore denies the same.

14.    TV Products admits that it has distributed and sold produce preserving storage bags.

15.    TV Products admits that it has distributed and sold produce preserving storage bags in several states, including in the State of New York.

16.    TV Products denies that Defendant Samtani is the Chairman or Chief Executive Officer of Defendant TV Products, Inc. TV Products asserts that Defendant Samtani is President of TV Products, Inc.

17.    TV Products denies that Defendant Samtani directs and exerts control over the activities of TV Products, Inc. regarding the distribution, advertising and/or sale of produce preserving storage bags. TV Products further denies that Defendant Samtani exerts such control over TV Products, Inc. from a location in New York State.

18.    TV Products denies that Defendant Kurani is the Chief Operating Office of Defendant TV Products, Inc. TV Products asserts that Defendant Kurani is Vice President of TV Products, Inc.

19.    TV Products admits that Defendant Kurani directs and exerts control over the activities of TV Products, Inc. regarding the distribution and/or sale of produce preserving storage bags. TV Products denies that Defendant Kurani directs and exerts control over the activities of TV Products, Inc. regarding the advertising of produce preserving storage bags. TV Products admits that Defendant Kurani exerts such control over TV Products, Inc. from a

3

location in New York State.

20. TV Products denies that Defendant Belani is the Sales Manager of Defendant TV Products, Inc.

21. TV Products denies that Defendant Belani directs and exerts control over the activities of TV Products, Inc. regarding the distribution, advertising, and/or sale of produce preserving storage bags. TV Products denies that Defendant Belani exerts such control over TV Products, Inc. from a location in New York State.

22. TV Products denies that any products advertised, sold and/or distributed by TV Products, including any produce preserving storage bags advertised, sold and/or distributed by TV Products, bear a green color that is confusingly similar to Evert Fresh's claim of trade dress rights in the color green.

23. TV Products denies that it has ever advertised, sold or distributed produce preserving storage bags under the mark "Forever Green Bags." Furthermore, TV Products specifically denies ever advertising, selling, and/or distributing any products under a trademark which is confusingly similar to any rights Evert Fresh may have, or claim to have, in the generic "green bags" term.

24. TV Products denies ever using the generic term "green bags" in a trademark manner in any way, shape, or form. Furthermore, TV Products specifically denies ever engaging in any e-mail solicitation "campaign" using any trademarks which are confusingly similar to any rights Evert Fresh may have, or claim to have, in the "green bags" term.

25. TV Products denies that it has advertised produce preserving storage bags in interstate commerce, in several states, including the State of New York. TV Products denies that the specimen identified as Exhibit D in Evert Fresh's Complaint constitute advertising.

4

26.    TV Products admits that it distributes the identified produce preserving storage bags in interstate commerce, in several states, including the State of New York.

27.    TV Products admits that it sells the identified produce preserving storage bags in interstate commerce, in several states, including the State of New York.

28.    TV Products admits that some of the packaging in which TV Products sells its Forever Green Bags touts the food preserving qualities of the bags with statements such as "Prolong fruits and vegetable life (from one week to a full month)" and "Forever Green™ Bag can help you to extend the life of foods by absorbing and removing the ethylene gases that cause normal deterioration!".

29.    TV Products denies that it has marketed green produce preserving storage bags under the trademark "Green Bags" in a direct e-mail solicitation campaign from the State of New York.  TV Products asserts that the e-mail identified as Exhibit E in Evert Fresh's Complaint does not constitute evidence of an e-mail solicitation campaign or a trademark use of the generic term "Green Bags."

30.    TV Products is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 30 of the Complaint and therefore denies the same.

31.    TV Products is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 31 of the Complaint and therefore denies the same.

32.    TV Products is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 32 of the Complaint and therefore denies the same.

33.    TV Products denies Defendant Samtani is a moving, active, and conscious force behind the advertising, sales, and distribution of Defendant TV Products identified produce storage bags.

1464279.1 8/11/2008

34.     TV Products admits that Defendant Kurani is a moving, active, and conscious force behind the sales and distribution of Defendant TV Products identified produce storage bags. TV Products denies that Defendant Kurani is a moving, active, and conscious force behind the advertising of Defendant TV Products identified produce storage bags.

35.     TV Products denies that Defendant Belani is a moving, active, and conscious force behind the advertising, sales, and distribution of Defendant TV Products identified produce storage bags.

## IV.  Count 1 – Infringement of the GREEN BAGS Mark

36.     TV Products denies that Plaintiff Evert Fresh has a claim upon which relief can be granted under 15 U.S.C. § 1114(1) against TV Products.

37.     Paragraph 37 requires no response.  To the extent a response is required, TV Products notes that Evert Fresh re-alleges each of the allegations contained in paragraphs 8 - 35 of the Complaint and TV Products incorporates by reference its corresponding responses.

38.     TV Products denies that it has ever used the trademark Forever Green Bags and/or Green Bags in connection with the advertising, distribution, or sale of its produce preserving storage bags as alleged by Plaintiff Evert Fresh And, as such, denies the allegations contained in paragraph 38 of the Complaint.

39.     TV Products denies the allegations contained in paragraph 39 of the Complaint.

40.     TV Products denies the allegations contained in paragraph 40 of the Complaint.

41.     TV Products denies the allegations contained in paragraph 41 of the Complaint.

42.     TV Products denies the allegations contained in paragraph 42 of the Complaint.

1464279.1 8/11/2008

### V.  Count 2 – Counterfeiting of the GREEN BAGS Mark

43.     TV Products denies that Plaintiff Evert Fresh has a claim upon which relief can be granted under 15 U.S.C. § 1114(1) against TV Products.

44.     Paragraph 44 requires no response.  To the extent a response is required, TV Products notes that Evert Fresh re-alleges each of the allegations contained in paragraphs 8 - 35 of the Complaint and TV Products incorporates by reference its corresponding responses.

45.     TV Products denies that it has ever used the trademark Green Bags in connection with the promotion, distribution, or sale of its produce preserving storage bags as alleged by Plaintiff Evert Fresh.  TV Products further denies that it has ever used any trademarks in connection with any produce storage bags that could be considered counterfeiting any rights Plaintiff Evert Fresh has, or could claim to have, in the generic "green bags" term.

46.     TV Products denies the allegations contained in paragraph 46 of the Complaint.

47.     TV Products denies the allegations contained in paragraph 47 of the Complaint.

48.     TV Products denies the allegations contained in paragraph 48 of the Complaint.

49.     TV Products denies the allegations contained in paragraph 49 of the Complaint.

### VI.  Count 3 – Infringement of the color green Trade Dress

50.     TV Products denies that Plaintiff Evert Fresh has a claim upon which relief can be granted under 15 U.S.C. § 1114(1) against TV Products.

51.     Paragraph 51 requires no response.  To the extent a response is required, TV Products notes that Evert Fresh re-alleges each of the allegations contained in paragraphs 8 - 35 of the Complaint and TV Products incorporates by reference its corresponding responses.

52.     TV Products denies that its distribution and/or sale of food preserving storage bags that are green in color infringes any rights that Evert Fresh has, or could claim to have, in

1464279.1 8/11/2008

the color green and, therefore, TV Products denies the allegations in paragraph 52 of the Complaint.

53.    TV Products denies the allegations contained in paragraph 53 of the Complaint.

54.    TV Products denies the allegations contained in paragraph 54 of the Complaint.

55.    TV Products denies the allegations contained in paragraph 55 of the Complaint.

56.    TV Products denies the allegations contained in paragraph 56 of the Complaint.

## VII.  Count 4 – Counterfeiting of the color green Trade Dress

57.    TV Products denies that Plaintiff Evert Fresh has a claim upon which relief can be granted under 15 U.S.C. § 1114(1) against TV Products.

58.    Paragraph 58 requires no response.   To the extent a response is required, TV Products notes that Evert Fresh re-alleges each of the allegations contained in paragraphs 8 - 35 of the Complaint and TV Products incorporates by reference its corresponding responses.

59.    TV Products denies that its distribution and/or sale of food preserving storage bags that are green in color could be considered counterfeiting of any rights that Evert Fresh has, or could claim to have, in the color green and, therefore, TV Products denies the allegations in paragraph 59 of the Complaint.

60.    TV Products denies the allegations contained in paragraph 60 of the Complaint.

61.    TV Products denies the allegations contained in paragraph 61 of the Complaint.

62.    TV Products denies the allegations contained in paragraph 62 of the Complaint.

63.    TV Products denies the allegations contained in paragraph 63 of the Complaint.

## VIII.  Count 5 – Common Law Unfair Competition

64.    TV Products denies that Plaintiff Evert Fresh has a claim upon which relief can be granted under the common law of the State of New York.

8

65.    Paragraph 65 requires no response.  To the extent a response is required, TV Products notes that Evert Fresh re-alleges each of the allegations contained in paragraphs 8 - 35 of the Complaint and TV Products incorporates by reference its corresponding responses.

66.    TV Products denies that it has ever used the trademark Green Bags in connection with any advertising campaign.  TV Products further denies that it has ever used any trademarks in connection with any produce storage bags that trade on the goodwill, if any, that Plaintiff Evert Fresh has, or could claim to have, in the generic "green bags" term.  TV Products further denies that any of its acts associated with the distribution and/or sale of its produce storage bags constitute unfair competition.  As such, TV Products denies the allegations in paragraph 66 of the Complaint.

67.    TV Products denies that it has ever used the trademark Forever Green Bags in connection with any advertising campaign.  TV Products further denies that it has ever used any trademarks in connection with any produce storage bags that trade on the goodwill, if any, that Plaintiff Evert Fresh has, or could claim to have, in the generic "green bags" term.  TV Products further denies that any of its acts associated with the distribution and/or sale of its produce storage bags constitute unfair competition.  As such, TV Products denies the allegations in paragraph 67 of the Complaint.

68.    TV Products denies that the use of the color green in connection with its produce storage bags is confusingly similar to any rights Plaintiff Evert Fresh has, or could claim to have, in the color green.  TV Products further denies that it has ever used any trade dress in connection with any produce storage bags that trade on the goodwill, if any, that Plaintiff Evert Fresh has, or could claim to have, in the color green.  TV Products further denies that any of its acts associated

9

with the distribution and/or sale of its produce storage bags constitute unfair competition. As such, TV Products denies the allegations in paragraph 68 of the Complaint.

69.    TV Products denies the allegations contained in paragraph 69 of the Complaint.

70.    TV Products denies the allegations contained in paragraph 70 of the Complaint.

71.    TV Products denies the allegations contained in paragraph 71 of the Complaint.

72.    TV Products denies the allegations contained in paragraph 72 of the Complaint.

73.    TV Products denies the allegations contained in paragraph 73 of the Complaint.

### IX.  Count 6 – Injury to Business Reputation

74.    TV Products denies that Plaintiff Evert Fresh has a claim upon which relief can be granted under N.Y. General Business Law § 360-1.

75.    Paragraph 75 requires no response.  To the extent a response is required, TV Products notes that Evert Fresh re-alleges each of the allegations contained in paragraphs 8 - 35 of the Complaint and TV Products incorporates by reference its corresponding responses.

76.    TV Products denies that it has ever used a copy, variation, simulation or colorable imitation of Plaintiff's intellectual property that has caused and will continue to cause injury to Plaintiff's business reputation.  As such, TV Products denies the allegations in paragraph 76 of the Complaint.

77.    TV Products denies the allegations contained in paragraph 77 of the Complaint.

78.    TV Products admits that it does not own a U.S. trademark registration for any trademark or trade dress at issue in the Complaint.

79.    TV Products denies the allegations contained in paragraph 79 of the Complaint.

80.    TV Products denies the allegations contained in paragraph 80 of the Complaint.

1464279.1 8/11/2008

## X.  Count 7 – Deceptive Trade Practices (N.Y. General Business Law § 349)

81.    TV Products denies that Plaintiff Evert Fresh has a claim upon which relief can be granted under N.Y. General Business Law § 349.

82.    Paragraph 82 requires no response.  To the extent a response is required, TV Products notes that Evert Fresh re-alleges each of the allegations contained in paragraphs 8 - 35 of the Complaint and TV Products incorporates by reference its corresponding responses.

83.    TV Products denies that it is engaged in deceptive trade practices or acts in the conduct of a business, trade or commerce, or furnishing of goods, in violation of § 349 of the New York General Business Law.

84.    TV Products denies the allegations contained in paragraph 84 of the Complaint.

85.    TV Products denies the allegations contained in paragraph 85 of the Complaint.

## XI.  Prayer for Relief

86.    TV Products denies that Plaintiff Evert Fresh is entitled to any relief or has stated any claim upon which relief may be granted.

## XII.  Demand for Jury Trial

87.    TV Products acknowledges that Plaintiff Evert Fresh has demanded a jury.

## Affirmative Defenses

88.    In further response to Evert Fresh's Complaint, TV Products asserts the following affirmative defenses:

11

### First Affirmative Defense
### (Failure to State a Claim)

89.    Plaintiff Evert Fresh has failed to state a claim against TV Products for which relief can be granted.

### Second Affirmative Defense
### (Non-Infringement)

90.    Defendant TV Products use of the trademarks and/or trade dress complained of in the Complaint do not create a likelihood of confusion with any trademark or trade dress rights owned by Plaintiff that are senior to the rights of Defendant.  As such, TV Products has not infringed on the purported GREEN BAGS and color green marks alleged in the Complaint.

### Third Affirmative Defense
### (No Trademark Rights)

91.    Plaintiff Evert Fresh does not make use of and/or consumers do not recognize such use of its alleged GREEN BAGS term and/or color green trade dress as an indicator of source.  As such, plaintiff does not have enforceable trademark rights in its purported GREEN BAGS and color green marks as alleged in the Complaint.

### Fourth Affirmative Defense
### (Fraud)

92.    Plaintiff Evert Fresh perpetrated fraud on the United States Patent and Trademark Office in connection with the prosecution and registration of U.S. Reg. No. 2,359,179 and/or U.S. Reg. 2,280,244 and is estopped from asserting those registrations, as well as any underlying common law rights, against TV Products.

1464279.1 8/11/2008

**Fifth Affirmative Defense**
**(Abandonment)**

93.    Any purported trademark rights allegedly owned by Evert Fresh in GREEN BAGS or the color green marks that would be considered senior to TV Products have been abandoned by Evert Fresh.

**Sixth Affirmative Defense**
**(Prior Use)**

94.    TV Products owns rights in trademarks and/or trade dress that are senior to any valid rights Evert Fresh may claim to have in the purported GREEN BAGS and color green marks alleged by Evert Fresh to be confusingly similar thereto.

**Seventh Affirmative Defense**
**(Unclean Hands)**

95.    Evert Fresh's claims are barred by its own unlawful and inequitable conduct and by the doctrine of unclean hands.

**Eighth Affirmative Defense**
**(Genericness)**

96.    The purported GREEN BAGS and color green marks asserted by Evert Fresh are generic and, as such, are invalid and unenforceable.

**Ninth Affirmative Defense**
**(Functionality)**

97.    The purported GREEN BAGS and color green marks asserted by Evert Fresh are functional and, as such, are invalid and unenforceable.

**Tenth Affirmative Defense**
**(Antitrust Violations)**

98.    The trademarks and/or trade dress asserted by Evert Fresh are being used to violate the antitrust laws of the United States.

1464279.1 8/11/2008

### Eleventh Affirmative Defense
### (Failure to Mitigate)

99.    Evert Fresh's claims are barred, in whole or part, by its failure to mitigate its damages.    Evert Fresh is barred from recovering money damages insofar as (i) its own conduct caused the alleged damages and/or (ii) it failed to mitigate such damages in a commercially reasonable manner.

### Twelfth Affirmative Defense
### (Justification)

100.    Evert Fresh's claims are barred because, at all relevant times, TV Products acted in good faith and did not violate any rights afforded to Evert Fresh under any applicable law, rules, regulations or guidelines.

### Thirteenth Affirmative Defense
### (Acts of Third Parties)

101.    Evert Fresh's claims are barred to the extent that the alleged damages, if any, were caused, in whole or in part, by the acts of individuals or entities other than TV Products for whom TV Products is not responsible or has no control over them.

### Fourteenth Affirmative Defense
(Lack of Personal Jurisdiction)

102.    This Court does not have personal jurisdiction over Defendant Kishore Samtani.

### Fifteenth Affirmative Defense
(Lack of Personal Jurisdiction)

103.    This Court does not have subject matter jurisdiction over the claims against Defendants Kishore Samtani and Rohan Belani.

14

## Sixteenth Affirmative Defense
### (Reservation of Rights)

TV Products specifically reserves the right to assert additional defenses as discovery reveals further facts and defenses.

1464279.1 8/11/2008

## COUNTERCLAIMS

Defendant/Counter-Plaintiff, TV Products USA, Inc. ("TV Products"), hereby alleges the following counterclaims against Plaintiff/Counter-Defendant, Evert Fresh, Inc. ("Evert Fresh"):

### I. Parties, Jurisdiction and Venue

1.      This is an action for declaratory relief, which seeks to settle an actual controversy between the parties, and afford relief from uncertainty and insecurity with respect to rights, status and legal relations.

2.      Counter-Plaintiff TV Products USA, Inc. ("TV Products") is a New York corporation, with a principal place of business located at 230 5th Avenue, Suite 605, New York, New York 10001.

3.      On information and belief, Counter-Defendant Evert Fresh Corporation ("Evert Fresh") is a Texas corporation having its principal place of business at 1000 Meyer Street, Suite 3, Sealy, Texas 77474.

4.      TV Products' counterclaims are premised upon the Declaratory Judgment Act, 28 U.S.C. §§ 2201 to 2202, and the Lanham Act, Title 15 of the United States Code, §§ 1051 *et seq.* This Court has subject matter jurisdiction over TV Products' counterclaims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

5.      Evert Fresh has submitted to the jurisdiction of this Court by virtue of initiating this action.  Moreover, on information and belief, Evert Fresh engages in a regular course of business in the Southern District of New York, thereby giving this Court personal jurisdiction over Evert Fresh.

1464279.1 8/11/2008

6.    Venue is proper in this district pursuant to 28 U.S.C. §§ 1391, because suit was filed in this district by Evert Fresh.    Venue is also proper in the Southern District of New York because the causes of action against Evert Fresh arose in this judicial district.

7.    There is an actual justiciable case or controversy between TV Products and Evert Fresh, in this district, arising under the trademark laws, 15 U.S.C. §§ 1051 *et seq*. This case or controversy arises by virtue of Evert Fresh's filing of its actions, which purports to allege that TV Products infringes trademark and trade dress rights under 15 U.S.C. § 1114(1).

8.    All conditions precedent to the bringing of this action have been satisfied, have occurred, or have been excused or waived.

## II.  Count I – Cancellation of U.S. Reg. No. 2,359,179 Due to Fraud on the United States Patent and Trademark Office

9.    TV Products incorporates paragraphs 1 – 8 by reference.

10.    This counterclaim arises under the trademark laws of the United States, 15 U.S.C. §§ 1051 *et seq.,* and more specifically, 15 U.S.C. § 1064(3), 15 U.S.C. § 1115(b)(1) and 15 U.S.C. § 1119, and seeks cancellation of U.S. Reg. No. 2,359,179 due to fraud on the United States Patent and Trademark Office in its procurement.

11.    Evert Fresh claims ownership of U.S. Reg. No. 2,359,179 for "GREEN BAGS" and has asserted that trademark against TV Products in the present Complaint due to TV Products alleged sale of green produce storage bags under a mark that is allegedly confusingly similar to the "GREEN BAGS" mark.

12.    On or about April 29, 1998, Evert Fresh filed an application for the GREEN BAGS mark for use in connection with "Plastic film preserving storage bag for fruit, vegetables and flowers." *See* Exhibit A.

13.   On November 24, 1998, the application for the GREEN BAGS mark was rejected by the Examining Attorney who stated that the proposed mark "merely describes a color of the goods" and was thus unregistrable. *See* Exhibit B. The Examining Attorney went on to state that "[i]f the applicant's goods **are not green in color**, the applicant may amend the identification of goods to state the color of the goods, for example: Clear plastic film preserving storage bags for fruit, vegetables and flowers." *Id.*

14.   On May 26, 1999, and in direct response to the Examining Attorney's suggestion, Evert Fresh amended the description of goods in the application to state that its goods were not green but "clear" and further included a sworn statement of Lynn Everts attesting to the "clear" nature of the GREEN BAGS. *See* Exhibit C.

15.   Based upon the foregoing clear and unambiguous fraud perpetrated by Evert Fresh and Lynn Everts, U.S. Reg. No. 2,359,179 should be canceled.

16.   Also, based upon the foregoing, the action brought by Evert Fresh in the present case based upon its alleged trademark rights in GREEN BAGS and/or U.S. Reg. No. 2,359,179 are objectively frivolous and brought for the sole and improper purpose of harassing TV Products and stifling free competition.

17.   TV Products has suffered and continues to suffer irreparable harm as a result of the fraud perpetrated on the United States Patent and Trademark Office during the prosecution of the application for the GREEN BAGS mark.

18.   TV Products has suffered and continues to suffer irreparable harm as a result of Evert Fresh filing this frivolous lawsuit with respect to the infringement of the alleged GREEN BAGS mark

19.   TV Products has no adequate remedy at law.

1464279.1 8/11/2008

### III. Count II – Civil Liability for False or Fraudulent Registration

20.    TV Products incorporates paragraphs 1 – 8 by reference.

21.    This counterclaim arises under the trademark laws of the United States, 15 U.S.C. §§ 1051 *et seq.* and, more specifically, 15 U.S.C. § 1120.

22.    TV Products incorporates paragraphs 11-18 by reference.

23.    In order to procure U.S. Reg. No. 2,359,179 for GREEN BAGS, Evert Fresh and Lynn Everts made false and fraudulent declarations and representations as to the "clear" nature of the goods sought to be registered.

24.    Evert Fresh's fraudulent registration and assertion of U.S. Reg. No. 2,359,179 for GREEN BAGS has caused irreparable injury to TV Products.

25.    TV Products has suffered and continues to suffer irreparable harm as a result of Evert Fresh's registration and assertion of the fraudulently obtained U.S. Reg. No. 2,359,179 for GREEN BAGS against TV Products and its customers.

26.    TV Products has no adequate remedy at law.

### IV. Count III – Cancellation of U.S. Reg. No. 2,359,179 Due to Genericness

27.    TV Products incorporates paragraphs 1 – 8 by reference.

28.    This counterclaim arises under the trademark laws of the United States, 15 U.S.C. §§ 1051 *et seq.,* and more specifically, 15 U.S.C. § 1064(3) and 15 U.S.C. § 1119, and seeks cancellation of U.S. Reg. No. 2,359,179 due to the fact that the term "green bags" is, or has become, generic for bags that are green in color.

29.    Evert Fresh claims ownership of U.S. Reg. No. 2,359,179 for "GREEN BAGS" and has asserted that trademark against TV Products in the present Complaint due to TV

Products sale of green produce storage bags under a mark that is allegedly confusingly similar to the "GREEN BAGS" mark.

30.    Evert Fresh has asserted that any use of the terms "green" and "bags" by TV Products to accurately describe its produce bags that are green in color infringes Evert Fresh's rights in U.S. Reg. No. 2,359,179 for GREEN BAGS.

31.    The term "green bags", as used to accurately identify bags that are green in color, is generic of those goods.

32.    Based upon the fact that the term "GREEN BAGS" is generic when used in connection with bags that are green in color, U.S. Reg. No. 2,359,179 should be canceled.

33.    TV Products has suffered and continues to suffer irreparable harm as a result of the continued registration of the generic GREEN BAGS term in the United States Patent and Trademark Office.

34.    TV Products has no adequate remedy at law.

### V.  Count IV – Cancellation of U.S. Reg. No. 2,280,244 Due to Functionality

35.    TV Products incorporates paragraphs 1 – 8 by reference.

36.    This counterclaim arises under the trademark laws of the United States, 15 U.S.C. §§ 1051 *et seq.,* and more specifically, 15 U.S.C. § 1115(b)(8) and 15 U.S.C. § 1119, and seeks cancellation of U.S. Reg. No. 2,280,244 due to the fact that U.S. Reg. No. 2,280,244 (the "color green registration") is functional.

37.    Evert Fresh claims ownership of the color green registration and has asserted that trademark against TV Products in the present Complaint due to TV Products sale of green produce storage bags.

20

38.    Evert Fresh is not entitled to the continued registration of its the color green registration because the use of the color green on a produce storage bag is *de jure* functional, *de facto* functional, or both.

39.    TV Products has suffered and continues to suffer irreparable harm as a result of the existence of Evert Fresh's color green registration and its assertion of that registration against TV Products in this Complaint and TV Products' customers.

40.    TV Products has no adequate remedy at law.

### VI.  Count V – Antitrust Violation –Monopolization

41.    TV Products incorporates paragraphs 1 – 8 and 10-18 by reference.

42.    This counterclaim arises under the Sherman Act § 2, (15 U.S.C. § 2) and the trademark laws of the United States, 15 U.S.C. §§ 1051 *et seq.,* and more specifically, 15 U.S.C. § 1115(b)(7), and seeks damages due to Evert Fresh's attempts to use its alleged trademark and trade dress rights in violation of the antitrust laws of the United States.

43.    Evert Fresh claims ownership of U.S. Reg. No. 2,359,179 for "GREEN BAGS" for use in connection with **clear** plastic produce storage film and U.S. Reg. No. 2,280,244 for the "color green" for use in connection with produce storage bags.

44.    Evert Fresh has asserted the aforementioned registrations against TV Products in the present Complaint and has threatened to enforce said registrations against innumerable of TV Products customers. *See* Exhibit D.

45.    Evert Fresh knows, or should have known, that neither the GREEN BAGS registration nor the color green registration are valid and enforceable.  Specifically, Evert Fresh knows, or should have known, that the GREEN BAGS registration was procured through fraud

21

and is generic. Furthermore, Evert Fresh knows, or should have known, that the color green registration is functional, and thus unenforceable.

46. A reasonable person would have known that neither the GREEN BAGS registration nor the color green registration are valid and enforceable. A reasonable person would have known that the GREEN BAGS registration was procured through fraud and is generic. A reasonable person would have known that the color green registration is functional, and thus unenforceable.

47. The relevant product market is green plastic film preserving storage bags for fruit, vegetables and flowers.

48. The relevant geographic market is the U.S.

49. Upon information and belief, Evert Fresh sold or controlled more than 70% of the green plastic film preserving storage bags for fruit, vegetables and flowers in the U.S.

50. Through threats, coercion and intimidation, Evert Fresh has prevented and has sought to prevent TV Products and TV Products' customers from competing with Evert Fresh.

51. Evert Fresh's conduct has had a chilling effect on competition in the relevant market.

52. Through Evert Fresh's knowingly illegal and illegitimate use of the GREEN BAGS registration and the color green registration in the aforementioned manner, it has obtained and used maintained monopoly power in the relevant market to improperly exclude all others, including TV Products, from fairly competing in the marketplace.

53. TV Products' improper exclusionary conduct has injured competition and has caused injury to the business and property of TV Products

54. Evert Fresh's actions as set forth herein violate 15 U.S.C.A. § 2.

55. TV Products has suffered and continues to suffer irreparable harm as a result of Evert Fresh's antitrust violations.

56. TV Products has no adequate remedy at law.

57. Pursuant to Clayton Act §4(a)(15 U.S.C. §15(a)), TV Products is entitled to recover threefold the damages sustained by TV Products, and the cost of suit, including a reasonable attorney's fee.

### VII. Count VI – Antitrust Violation – Attempt to Monopolize

58. TV Products incorporates paragraphs 1-8, 10-18, and 41-56 by reference.

59. This counterclaim arises under Sherman Act §2 (15 U.S.C. §2), and seeks damages due to Evert Fresh's attempts to use its alleged trademark and trade dress rights in violation of the antitrust laws of the United States.

60. Upon information and belief, Evert Fresh sold or controlled more than 30% of the green plastic film preserving storage bags for fruit, vegetables and flowers in the U.S.

61. Evert Fresh has engaged in predatory and anticompetitive conduct with a specific intent to monopolize the sale of green plastic film preserving storage bags for fruit, vegetables and flowers in the U.S., and Evert Fresh has a dangerous probability of achieving monopoly power.

### VIII. Count VII – Declaratory Judgment of Non-Infringement

62. TV Products incorporates paragraphs 1 – 8 by reference.

63. This counterclaim arises under the trademark laws of the United States, 15 U.S.C. §§ 1051 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 to 2202.

64. As evidenced by the present Complaint, an actual controversy exists as to the non-infringement of U.S. Reg. No. 2,359,179 for "GREEN BAGS" for use in connection with

1464279.1 8/11/2008

**clear** plastic produce storage film and U.S. Reg. No. 2,280,244 for the color green, as well as any underlying common law rights thereto.

65.   As set forth herein, TV Products sale of green colored produce storage bags under the trademark FOREVER GREEN, does not and cannot infringe any rights that Evert Fresh has, or could claim to have, in the GREEN BAGS and/or color green registrations, or any common law rights appurtenant thereto.

66.   The filing of the present Complaint by Evert Fresh has and continues to cause irreparable harm to TV Products.

67.   TV Products has no adequate remedy at law.

### IX.   Reservation of Counterclaims

68.   TV Products reserves the right to assert any other counterclaims that discovery may reveal, including, but not limited to claims arising out of trademark misuse and/or other false or misleading statements to, the public and/or TV Products customers.

### X.   Prayer for Relief

69.   WHEREFORE, TV Products respectfully prays for the following relief:

A.   That this Court deny any and all relief requested by Evert Fresh in its Complaint and any relief whatsoever, and that the Complaint be dismissed with prejudice;

B.   That this Court declare U.S. Reg. No. 2,359,179 for "GREEN BAGS" and U.S. Reg. No. 2,280,244 for the color green invalid and order cancellation of the same;

C.   That this Court declare that none of the produce storage bags sold by TV Products infringe any trademarks or trade dress owned, or claimed to be owned, by Evert Fresh;

D.   That this Court award damages to TV Products pursuant to 15 U.S.C. § 1120 (or any other applicable statute) including attorneys' fees, costs and expenses it incurs in this action;

1464279.1 8/11/2008

E.    That this Court award treble damages to TV Products pursuant to 15

U.S.C. §15(a) and the cost of suit, including a reasonable attorney's fee; and

F.    That this Court grant such other and further relief to TV Products as this

Court may deem just and equitable.

## XI.  Jury Trial Demand

70.   TV Products hereby demands a trial by jury on all issues properly triable by jury.

Dated:  August 11, 2008

Respectfully submitted,

BOND, SCHOENECK & KING, PLLC

By:   _s/  Brian J. Butler_____
       Brian J. Butler (BB3493)
       Michael P. Collins (MC 0906)
One Lincoln Center
Syracuse, New York  13202
Telephone:  (315) 218-8000
Fax:  (315) 218-8100
Email: butlerb@bsk.com

25

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing was served this 11th day of August, 2008, by regular U.S. mail postage pre-paid upon the following:

Gregory P. Gulla, Esq.
Christopher J. Rooney, Esq.
Duane Morris LLP
1540 Broadway
New York, New York 10036-4086

  s/  Brian J. Butler
Brian J. Butler

1464279.1 8/11/2008

# EXHIBIT A



115    245364.

75476625

ATTORNEY DOCKET NO. EVER/13200

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

MARK: GREEN BAGS

CLASS NO.: International Class 016

BOX NEW APP FEE
ASSISTANT COMMISSIONER
FOR TRADEMARKS
2900 CRYSTAL DRIVE
ARLINGTON, VA  22202-3513

> I hereby certify that this New Application Transmittal and the documents referred to as enclosed therein are being deposited with the United States Postal Service on this date April 29, 1998 in an envelope as "Express Mail Post Office to Addressee". Mailing Label Number EM 278123966US addressed to the Assistant Commissioner For Trademarks, 2900 Crystal Drive, Arlington, VA. 22202-3513
>
> Signature _____
>
> Date  Apr 29 98

## APPLICATION FOR TRADEMARK REGISTRATION

NAME OF APPLICANT:        EVERT-FRESH CORPORATION

CITIZENSHIP:              A Texas Corporation

POST OFFICE ADDRESS:      P. O. Box 540974
                          Houston, Texas 77254

BUSINESS ADDRESS:         3701 Kirby Drive, Suite 728
                          Houston, Texas 77098

The above identified applicant has adopted and is using the mark shown in the accompanying drawing for plastic film preserving storage bag for fruit, vegetables and flowers, and requests that said mark be registered in the United States Patent and Trademark Office on the Principal Register established by the Act of July 5, 1946.

- 1 -

The mark was first used on the goods at least as early as October 1, 1988, was first used in Interstate Commerce at least as early as October 1, 1988, and is now being used in such commerce.

The mark is used by applying it to labels affixed to the goods, on the shipping cartons of the goods, on brochures, invoices, stationery, envelopes, business cards and labels, and in other manners customary in the industry, and three (3) specimens showing the mark as actually used are presented herewith.

Lynn Everts states that he is President and CEO of the applicant corporation, and is authorized to execute this instrument on behalf of applicant; that he believes applicant is the owner of the mark sought to be registered, and to the best of his knowledge and belief, no other person, firm, corporation, or association has the right to use said mark in commerce, either in identical form or in such near resemblance thereto as may be likely, when applied to the goods of such other person, to cause confusion or to cause mistake, or to deceive; that the facts set forth in this application are true; that all statements made herein of his own knowledge are true and that statements made on information and belief are believed to be true; and further that these statements were made with the knowledge that willful, false statements and the like so made are punishable by fine or imprisonment or both, under Section 1001 of Title 18 of the United States Code, and that such willful, false statements may jeopardize the validity of the application or any registration resulting therefrom.

-2-

## POWER OF ATTORNEY

Applicant hereby appoints Donald Gunn., Registration No. 22,206 and Tim Cook, Registration No. 32,561, of the firm Gunn & Associates, P.C., Five Greenway Plaza, Suite 2900, Houston, Texas, 77046, his attorneys with full power of substitution and revocation, to prosecute this application, to register, to transact all business in the Patent and Trademark Office in connection therewith, and to receive the Certificate of Registration.

Executed this _28_ day of _April_, 1998.

EVERT-FRESH CORPORATION

Lynn Everts
Title: President and CEO

-3-

EXHIBIT B

 

# UNITED STATES DEPARTMENT OF COMMERCE
## Patent and Trademark Office

| | PAPER NO. |
|---|---|
| **SERIAL NO.**          **APPLICANT**<br>75/476625 EVERT-FRESH CORPORATION | |
| **MARK**<br><br>GREEN BAGS | **ADDRESS:**<br>Assistant Commissioner<br>for Trademarks<br>2900 Crystal Drive<br>Arlington, VA 22202-3513 |

| **ADDRESS**<br>DONALD GUNN<br>GUNN & ASSOC PC<br>5 GREENWAY PLZ STE 2900<br>HOUSTON TX 77046 | **ACTION NO.**<br>01 | If no fees are enclosed, the address should include the words "Box Responses - No Fee." |
|---|---|---|
| | **MAILING DATE**<br>11/24/98 | |
| **FORM PTO-1525 (5-90)**    U.S.DEPT. OF COMM. PAT. & TM OFFICE | **REF. NO.** | Please provide in all correspondence:<br><br>1. Filing Date, serial number, mark and Applicant's name.<br>2. Mailing date of this Office action.<br>3. Examining Attorney's name and Law Office number.<br>4. Your telephone number and ZIP code. |

A PROPER RESPONSE TO THIS OFFICE ACTION MUST BE RECEIVED WITHIN 6 MONTHS FROM THE DATE OF THIS ACTION IN ORDER TO AVOID *ABANDONMENT*. *For your convenience and to ensure proper handling of your response, a label has been enclosed. Please attach it to the upper right corner of your response. If the label is not enclosed, print or type the Trademark Law Office No., Serial No., and Mark in the upper right corner of your response.*

RE: Serial Number: 75/476625

The assigned examining attorney has reviewed the referenced application and determined the following.

The examining attorney refuses registration on the Principal Register under Trademark Act Section 2(e)(1), 15 U.S.C. Section 1052(e)(1). The proposed mark merely describes a color of the goods. *Ferro Corp. v. SCM Corp.*, 219 USPQ 346 (TTAB 1983); *In re Champion International Corp.*, 183 USPQ 318 (TTAB 1974).

If the applicant's goods are not green in color, the applicant may amend the identification of goods to state the color of the goods, for example: Clear plastic film preserving storage bags for fruit, vegetables and flowers.

DISTINCTIVENESS

If the applicant believes that the mark has acquired distinctiveness, that is, that it has become a distinctive indicator of source for the goods, the applicant may amend to seek registration under Trademark Act Section 2(f), 15 U.S.C. Section 1052(f). This Office will decide each case on its own merits. The examining attorney will consider the following principal factors in this decision: (1) how long the applicant has used the mark, (2) the type and amount of advertising of the mark

75/476625                                                    -2-

and (3) the applicant's efforts to associate the mark with the goods. *See Ralston Purina Co. v. Thomas J. Lipton, Inc.*, 341 F. Supp. 129, 173 USPQ 820 (S.D.N.Y. 1972); *In re Packaging Specialists, Inc.*, 221 USPQ 917 (TTAB 1984); 37 C.F.R. Section 2.41; TMEP sections 1212, 1212.01 and 1212.06. This evidence may include specific dollar sales under the mark, advertising figures, samples of advertising, consumer or dealer statements of recognition of the mark, and any other evidence that establishes the distinctiveness of the mark as an indicator of source.

## DISCLAIMER

The applicant must disclaim the descriptive wording "BAGS" apart from the mark as shown. Trademark Act Section 6, 15 U.S.C. Section 1056; TMEP sections 1213 and 1213.02(a). The applicant must insert the required disclaimer even if registration of the mark is sought on the Supplemental Register or on the Principal Register under Section 2(f). *In re Wella Corp.*, 565 F.2d 143, 196 USPQ 7 (CCPA 1977); *In re Creative Goldsmiths of Washington, Inc.*, 229 USPQ 766 (TTAB 1986); *In re Carolyn's Candies, Inc.*, 206 USPQ 356 (TTAB 1980); TMEP section 1213.02(b).

## CLASSIFICATION

The applicant has classified the goods incorrectly. The applicant must amend the application to classify the goods in International Class 17. 37 C.F.R. Sections 2.33(a)(1)(vi) and 2.85; TMEP sections 805 and 1401.

## SEARCH

The examining attorney has searched the Office records and has found no similar registered or pending mark which would bar registration under Trademark Act Section 2(d), 15 U.S.C. Section 1052(d). TMEP section 1105.01.

Teresa Rupp
Trademark Attorney
Law Office 110
(703) 308 - 9110 ext 162

# EXHIBIT C

 

*10 7*

06-01-1999
U.S. Patent & TMOfc/TM Mail Rcpt Dt. #47

**TRADEMARK**

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| IN RE APPLICANT:<br>Evert-fresh Corporation | Examining Attorney:   Teresa Rupp |
| | LAW OFFICE: NO. 107 |
| SERIAL NUMBER:  75/476,625 | |
| | INTERNATIONAL CLASS: 17 |
| FILING DATE:  April 29, 1998 | |
| MARK: GREEN BAGS | ATTORNEY REF.: EVER-13200 |

BOX RESPONSES
NO FEE
Assistant Commissioner For
   Trademarks
2900 Crystal Drive
Arlington, Virginia  22202-3513

```
CERTIFICATE OF MAILING (37 CFR 1.8a)

I hereby certify that this paper (along with any paper referred to as
being attached or enclosed) is being deposited with the United
States Postal Service on the date shown below with sufficient postage
as first class mail in an envelope addressed to the Commissioner of
Patents and Trademarks, Washington, D.C. 2023.

Date: May 26, 1999          [signature]
Donald Gunn              SIGNATURE
```

## AMENDMENT

Please change the class number to classify the goods in class 17.

In the description of goods on page 1, line 2, after the word "for" please insert /-clear--.

## DISCUSSION REGARDING ACQUIRED DISTINCTIVENESS

The enclosed declaration addresses the issues regarding acquired distinctiveness. The Examiner very graciously pointed out key factors. First, the Examiner at the foot of page 1, of the recent office action, said that one factor is the duration that the mark has been used. This mark has been used for over ten years as of the date of this response. This is not a "fly by night" event or other transaction. Rather, long standing use of the mark has occurred and it has occurred substantially continuously and has not been diluted or mimicked by activities of others. The second factor

- 1 -

noted by the Examiner is the type and amount of advertising of the mark. Roughly, 800,000 pieces are identified with specimens supported by the declaration attached. In addition to that, the declaration points out that the mark has been advertised in regional publications about 8 or 10 million times (note the regional newspapers listed). Moreover, these dates go back as far as 1993 and are scattered throughout the 1990's. Then, the national publications total about 6 million or so issues, again scattered throughout the 1990's. Applicant suggests that the type and amount of advertising of the mark is substantial. The efforts to associate the mark with the goods are shown in the various exhibits which are provided. So to speak, the advertising points to the goods. It is not merely bland institutional or tombstone advertising. Rather, it is advertising concerned with the precise product in mind. As the Examiner noted in the paragraph discussing this, advertising figures, samples of advertising, and the integrated consumer statements (see the several exhibits) provide sufficient evidence of acquired distinctiveness.

The other objections of the Examiner in the office action have been dealt with. The Examiner is respectfully requested to publish the present trademark application.

## REMARKS

This is intended as a full and complete response to the office action bearing the date of 11/24/98. The Examiner indicated that the mark was refused registration. Applicant has therefore inserted the fact that the bags are clear plastic film preserving storage bags. Applicant, however, claims that the mark has required distinctiveness. Attached is a declaration.

Applicant is pleased to disclaim the single word "bags" apart from the mark as shown and illustrated. In other regards, it is believed that the application is ready for allowance.

Respectfully submitted,

Donald Gunn
Reg. No. 22,206
GUNN & ASSOCIATES, P.C.
Five Greenway Plaza 2900
Houston, Texas 77046
(713) 850-9923

- 2 -

A check in the amount of $100 is attached to cover the fee. The Commissioner is hereby authorized to charge any additional fees which may be required, to Deposit Account No. 07-2390.

This declaration is given in accordance with 18 U.S.C. §1001 and subject to the penalties stated therein.

Executed on May 26, 1999 in Houston, Texas.

Donald Gunn,
Attorney for Applicant

- 2 -

TRADEMARK

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | |
|---|---|---|
| IN RE APPLICANT: | § | Examining Attorney:   Teresa Rupp |
| Evert-fresh  Corporation | § | |
| | § | LAW OFFICE: NO. 107 |
| SERIAL NUMBER:  75/476,625 | § | |
| | § | INTERNATIONAL CLASS: 17 |
| FILING DATE:  April 29, 1998 | § | |
| | § | |
| MARK: GREEN BAGS | § | ATTORNEY REF.: EVER-13200 |

Assistant  Commissioner  For
   Trademarks
2900  Crystal  Drive
Arlington,  Virginia  22202-3513

## DECLARATION OF LYNN EVERTS

    My  name  is  Lynn  Evert.  I  am  the  president  and  founder  of  Evert-Fresh  Corporation.  Evert-Fresh  Corporation  is  a  Texas  Corporation  which  is  engaged  in  the  business  of  making  and  distributing  film  bags.  An  example  is  enclosed.  The  bag  is  a  clear  film  bag  suitable  for  receiving  produce  in  it.  Produce  in  this  instance  includes  fruit,  vegetables,  flowers,  and  other  things  which  may  rot  over  a  period  of  time.  Produce  placed  in  the  "green  bag"  lasts  longer  in  ordinary  storage  situations.  Typically,  but  not  exclusively,  the  "green  bag"  produce  storage  bags  are  made  and  shipped  by  our  company  to  retail  outlets  including  grocery  stores.  An  example  is  the  Kroger  grocery  chain.  To  identify  the  various  documents  and  exhibits  attached  to  this  declaration,  the  following  information  id  hereby  provided.

    A  clear  film  bag  is  sold  as  the  "green  bag".  The  "green  bag"  is  "pitched"  or"pushed"  by  the  following  support  documents.  These  are  exemplified  by  the  attachments  listed  below.  Exhibit  A  attached  to  this  declaration  is  a  bumper  strip  suitable  for  attachment  to  the  bumper  on  an  automobile  or  perhaps  suitable  for  adhesive  placement  in  or  around  the  home  including  on  the  refrigerator,  pantry  and  the  like.  Five  thousand

- 1 -

copies of the strip of Exhibit A were obtained.

Exhibit B is a gum label which features the "green bag". Ten thousand copies of Exhibit C were obtained.

Exhibit C is a pink slip which is used to remind grocery store managers to reorder the "green bags". One hundred thousand copies of Exhibit C were obtained.

Exhibit D is another printed card which was obtained in the quantity of twenty thousand units. This is formed in a stiff plastic impregnated label and is provided with an adhesive square on the back face to cause it to glue to or stick to a slick surface.

Exhibit E is another flyer (two-sided) for which seventy-five thousand copies were obtained. It is intended to be given to grocery stores for advertising the "green bag".

Exhibit F is a representative "green bag" flyer (one side only), the flyer advertising the "green bags", and one hundred fifty thousand copies of this exhibit were obtained.

Exhibit G is a smaller flyer which is used to support the "green bag". It advertises the "green bag" as a holiday gift. Ten thousand copies of Exhibit G were obtained.

Exhibit H is a piece of letterhead stationery featuring the 'green bags". Ten thousand copies of Exhibit H were obtained.

Exhibit I is an envelope advertising the "green bag" in the upper left corner. Ten thousand of this exhibit were obtained.

Exhibit J is a flyer for which fifty thousand copied were obtained. It describes the "green bag". A number of advantages were obtained by use of the "green bag" and some of these are mentioned in Exhibit K.

Exhibit L (showing a banana) is a brochure describing the "green bags". Fifty thousand copies of Exhibit L were obtained.

Exhibits A-L, total about 800,000 thousand individual flyers, brochures, or printed matter, where the "green bag" was mentioned. The following regional publications were made at the dates listed. The regional publications are newspapers and their home base is listed.

| Regional Publications | Location | Date | Circulation |
|---|---|---|---|
| Houston Chronicle | Texas | 6/3/98 | .775 million |
| Dallas Morning News | Texas | 3/5/97 | .525 million |
| Dallas Morning News | Texas | 3/16/94 | .525 million |
| Houston Chronicle | Texas | 3/15/94 | .775 million |
| Houston Post | Texas | 6/93 | .350 million |
| Houston Chronicle | Texas | 4/93 | .775 million |
| Houston Post | Texas | 1/93 | .350 million |
| Detroit Free Press | Michigan | 12/95 | 1.2 million |
| Grand Haven Chronicle | Michigan | 5/20/98 | .1 million |
| New York Times | New York | 4/94 | 1.8 million |
| Tulsa World | Oklahoma | 5/94 | .3 million |
| Rocky Mountain News | Colorado | 8/95 | .4 million |
| Chicago Tribune | Illinois | 4/94 | 1.2 million |
| Boston Globe | New England | 5/16/97 | .6 million |
| Boston Hearld | Massachusetts | 3/94 | .4 million |

In addition to the foregoing individual publications in the regional press, the following national publications mentioned the "green bags". The table found below lists the national publications, and the date involved.

The Examiner is respectfully requested to make note of these national publications and their aggregate circulation.

| National Publications | Date | Circulation |
|---|---|---|
| Prevention Magazine | September 1996 | 3 million |
| Self Magazine | July 1996 | 1.2 million |
| Living Well | June 1996 | .3 million |
| Outside Magazine | May 1996 | .4 million |
| Cruising World | March 1996 | .2 million |
| Nutrition News | February 1996 | .1 million |
| Offshore | August 1995 | .1 million |
| Natural Health | February 1995 | .2 million |
| Environmental Nutritional News | March 1995 | .1 million |
| Bon Appetit | April 1994 | 1.3 million |

This completes the present declaration. This declaration is given in accordance with the provisions of 18 U.S.C. 1001 and that willful misstatements herein are subject to the penalty provisions of the cited statute and may jeopardize the validity of any mark issued hereon.

Executed on May _____ 1999

Lynn Evert
President of Evert Fresh Corporation
Executed on May _____ 1999

- 4 -

EXHIBIT D

----- Forwarded by Webmaster/Christmastree on 07/11/08 04:47 PM -----



"Neville Meyer"
<nm@cakecutter.com>
07/11/08 03:04 PM

To  <webmaster@christmastreeshops.com>

cc

Subject  Forever Green Bags --- URGENT

We are Housewares America, Inc.

You are currently selling a product" Forever Green Bags" which
seriously infringes on copyright exclusivity afforded to our product,
DEBBIE MEYER GreenBags TM, both as to the copyright on "Green
Bags" and on the color green.

This is advance notice that our associated companies and we are
filing suit in Federal court against TV Products.

You are hereby notified to cease and desist selling the offending
product immediately. You will be required to account to us for
proceeds of all product sold. All other rights and claims for damages
etc. are reserved

Neville Meyer
President and CEO
Housewares America, Inc.